IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CV-195-BO

BILLY R. WALLS,                        )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )        O R D E R
                                       )
PITT COUNTY BOARD OF EDUCATION)
and ETHAN LENKER, Superintendent,      )
                                       )
            Defendants.                )

This matter is before the Court on defendants' motion to dismiss and plaintiff's motion to file a second amended complaint. The appropriate responses and replies have been filed and the motions are ripe for adjudication. For the reasons discussed below, plaintiff's motion for leave is granted and defendants' motion to dismiss is granted in part and denied in part.

BACKGROUND

Plaintiff, proceeding in this matter *pro se*, brings this action pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983 complaining of discrimination by his employer based on race and retaliation for his engagement in protected actions. Plaintiff has been employed by the Pitt County, North Carolina schools since August 1989. In February 2012, plaintiff was transferred to Hope Middle School as a career and technical education (CTE) teacher. Plaintiff alleges that while employed at Hope Middle School his employment evaluations were at or above standard. In February 2015, plaintiff indicated his interest in a new position as a STEM[1] teacher at Hope Middle School. Plaintiff was interviewed by a panel of white females and alleges that he met the qualifications for the position. A white female was

---

[1] Although not apparent from the complaint, the term STEM in this context generally refers to science, technology, engineering, and math.

ultimately selected for the STEM teacher position; plaintiff alleges that the interview panel gave consideration to non-relevant licenses held by the person selected for the STEM position.

In June 2015, plaintiff was transferred from Hope Middle School to a less desirable, non-traditional teaching position in the Structured Day Program, a program designed to serve Level II juvenile offenders. Plaintiff alleges that his transfer to the Structured Day Program was in retaliation for his previous filing of an EEOC complaint and federal lawsuit. Plaintiff notes that he retained his salary and benefits after his transfer, but that his job duties and work environment were substantially altered so as to cause a substantial change in his employment condition and that his depression and anxiety have increased since his transfer.

Plaintiff further alleges that at the time of his transfer to the Structured Day Program there was a vacancy at the Pitt County Schools Transition Center, at which plaintiff had previously worked for seventeen years, for which plaintiff was qualified. At the time of his transfer to the Structured Day Program, he was one of two CTE teachers at Hope Middle School. Plaintiff contends that although one CTE position at Hope Middle School was eliminated, the other Hope Middle School CTE teacher, a white female, was qualified for a vacant position at Chicod School, and that she could have been transferred instead of plaintiff.

On October 9, 2015, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). [DE 12-1 at 9]. Plaintiff alleged discrimination because of his race and retaliation for filing a prior EEOC charge. Plaintiff noted June 11, 2015, as the latest date of discrimination; plaintiff described in his charge that on June 11, 2015, he was informed that he would be transferred to his position at the Structured Day Program. Plaintiff further described that on March 27, 2015, he was informed that he was not selected for the position of STEM instructor for which he had applied, and that he was equally or more qualified

than then person selected. On April 11, 2016, the EEOC notified plaintiff of his right to sue. [DE 12-1 at 10].

## DISCUSSION

At the outset, the Court allows plaintiff leave to file his second amended complaint. *See* Fed. R. Civ. P. 15(a); *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). The Court next considers defendants' motion to dismiss, incorporating their arguments based on futility in opposition to plaintiff's motion for leave to amend, as applied to the second amended complaint. *See, e.g., Sun Co. (R & M) v. Badger Design & Constructors, Inc.*, 939 F. Supp. 365, 367 n.3 (E.D. Pa. 1996) (where defendant's arguments for dismissal are germane to claims raised in amended pleading, defendant need not be required to file a subsequent motion to dismiss). Defendants have moved to dismiss plaintiff's amended complaint for lack of personal jurisdiction, insufficient process, insufficient service of process, lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), (2), (4), (5), (6).

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. When personal jurisdiction has been challenged on the papers alone, the plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court construes all facts and inference in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to

3

relief" and which provides "the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations, alterations, and citations omitted). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted).

Title VII prohibits discrimination by employers based on, *inter alia*, race. 42 U.S.C. § 2000e-2. A plaintiff may proceed to file an employment discrimination action in federal court only after a charge has been filed with the EEOC. 42 U.S.C. § 2000e-5(f)(1). A plaintiff must file his EEOC charge within 180 days of the alleged misconduct. 42 U.S.C. § 2000e-5(e)(1). Plaintiff was made aware of his non-selection for the STEM position on March 27, 2015, which is more than 180 days prior to the filing of his EEOC charge on October 9, 2015. Any Title VII claim by plaintiff arising out of his non-selection for the STEM position is therefore barred. *Williams v. Giant Food Inc.*, 370 F.3d 423, 428 (4th Cir. 2004).

Plaintiff's discrimination and retaliation claims related to his transfer to the Structured Day Program fall within the 180 day time period and are not barred. In order to state a claim for discrimination under Title VII, "the existence of some adverse employment action is required."

4

*James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004). While a transfer or reassignment may constitute an adverse employment action, "absent any decrease in compensation, job title, level of responsibility, or opportunity for promotion, reassignment to a new position commensurate with one's salary level does not constitute an adverse employment action even if the new job does cause some modest stress not present in the old position." *Boone v. Goldin*, 178 F.3d 253, 256–57 (4th Cir. 1999).

Plaintiff has alleged that his salary and benefits remained the same after his transfer to the Structured Day Program. [DE 23-1 ¶ 9]. Plaintiff has not alleged that his level of responsibility or opportunity for promotion decreased with the transfer, and thus he has not plausibly alleged that he suffered an adverse employment action sufficient to support his Title VII discrimination claim.

Retaliation by an employer against an employee who engaged in protected conduct is also prohibited by Title VII. 42 U.S.C. § 2000e-3(a). In order to state a prima facie case of retaliation, a plaintiff must show that he "opposed an unlawful employment practice or participated in a charge or other proceeding under Title VII; that he has suffered an adverse employment action; and that there is a causal connection between the two." *Balazs v. Liebenthal*, 32 F.3d 151, 158-59 (4th Cir. 1994).

Plaintiff has sufficiently alleged a claim for retaliation. He plainly engaged in protected activity by filing a prior EEOC charge, and although the charge was filed in 2012 and plaintiff's transfer was initiated in 2015, suggesting little or no temporal proximity which would support a causal connection, plaintiff's transfer did occur during the pendency of his federal suit based on that charge. *See Walls v. Pitt Cty. Bd. of Educ.*, No. 4:13-CV-104-D.[2]; *see also Karpel v. Inova*

---

[2] The Court may consider information in the public record when reviewing a motion to dismiss pursuant to Rule 12(b)(6). *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004).

5

*Health Sys. Servs.*, 134 F.3d 1222, 1229 (4th Cir. 1998) ("even though there was no evidence of causal connection other than the fact that plaintiff was fired after bringing a lawsuit" plaintiff had stated retaliation claim).

Although, as discussed above, plaintiff alleges that his transfer did not result in a change in pay or benefits, in order for an employment action to have been materially adverse in the context of a retaliation claim, it need only "dissuade[] a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quotation and citation omitted); *see also Williams v. Prince William Cty., Va.,* 645 F. App'x 243, 245 (4th Cir. 2016) (discussing difference between standard for demonstrating adverse employment action to support a substantive Title VII discrimination claim and one for retaliation). Plaintiff has sufficiently pled that his transfer to the Structured Day Program was materially adverse and his retaliation claim is allowed to proceed.

Plaintiff also cites to 42 U.S.C. § 1983 in his second amended complaint and alleges that his rights to due process may have been violated. [DE 23-1 ¶ 5(r)]. Plaintiff has failed to allege sufficient facts in support of a due process violation to state a facially plausible claim. Insofar as one has been alleged, plaintiff's § 1983 claim is dismissed. Finally, irrespective of whether proper service has been effected on defendant Lenker, plaintiff's remaining Title VII claim against him cannot proceed and is dismissed. *See Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998).

## CONCLUSION

Plaintiff's motion for leave to file a second amended complaint [DE 23] is GRANTED. The clerk is DIRECTED to file the proposed second amended complaint submitted by plaintiff. Defendants' motion to dismiss [DE 13] is GRANTED IN PART and DENIED IN PART.

Defendant Lenker is DISMISSED, as are plaintiff's Title VII discrimination claims and § 1983 due process claim. Plaintiff's Title VII retaliation claim may proceed.

SO ORDERED, this 12 day of January, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE